# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LEO ANDERSON | CIVIL ACTION NO. 21-4320 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DENIS MCDONOUGH | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion to dismiss[1] filed by Defendant Denis McDonough, the Secretary of the Department of Veteran Affairs ("VA"), against pro se Plaintiff Leo Anderson ("Anderson"). For the reasons that follow, the VA's motion is **GRANTED**.

## BACKGROUND

Anderson was a vocational rehabilitation specialist at the Overton Brooks VA Medical Center in Shreveport, Louisiana.[2] He has worked there for several years and alleges that staff subjected him to a hostile work environment and discriminated against him based on his race (Black), age (sixty-six), and religion (Muslim).[3] He also claims that the VA retaliated against him after he filed an EEOC complaint.[4] For support, he contends that the VA reassigned his government car and transferred him to a different VA rehabilitation division.[5] He invokes Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.[6]

---

[1] Record Document 28.
[2] Record Document 26 at 2.
[3] *Id.* at 1.
[4] *Id.*
[5] *Id.* at 2.
[6] *Id.* at 1.

The VA has moved to dismiss Anderson's lawsuit,[7] but Anderson never filed a response. Though Anderson made no effort to defend his complaint, the Court will not grant the VA's motion on that basis alone. The Fifth Circuit approaches "the automatic grant of a dispositive motion . . . based solely on a litigant's failure to comply with a local rule, with considerable aversion." *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012). For this reason, the Court will consider the merits of the VA's unopposed motion below.

## LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (internal citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. *See Twombly*, 550 U.S.

---

[7] The Court notes that Anderson has once been given an opportunity to amend his complaint. Record Document 25.

at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court may dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**LAW & ANALYSIS**

**A. Title VII Discrimination**

As a Black and Muslim employee, Anderson first claims the VA discriminated against him based on his race and religion. Title VII forbids employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where, as in the instant case, a plaintiff offers only circumstantial evidence of discrimination, the three-step *McDonnell Douglas* framework applies. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, a plaintiff must assert a prima facie case of discrimination, which, if established, raises a presumption of discrimination.

*Id.* "The employer must then produce a legitimate, nondiscriminatory reason for the adverse employment decision." *Id.* Once the employer produces such a reason, the presumption of discrimination dissipates; the plaintiff must then prove that the employer's given reason for the termination was pretextual and that he was discriminated against because of his protected status. *Id.* at 219–20.

The *McDonnell Douglas* framework is not a rigid pleading requirement, and to survive a motion to dismiss, Anderson need not plead a prima facie case of discrimination. *Puente v. Ridge*, 324 F. App'x 423, 427 (5th Cir. 2009). However, Anderson is not excused from his obligation to "allege facts sufficient to state all the elements of his claims." *Id.* at 428 (internal citations omitted). Therefore, the Court may still consider the *McDonnell Douglas* framework at this stage. A prima facie case of race discrimination requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Though Anderson is a member of a protected class based on his religion and race, Anderson must show that he suffered some adverse employment action. Most importantly, he must allege direct or circumstantial facts that the VA "took the adverse employment action against [him] *because of* [his] protected status." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med. Pers. LP,* 363 F.3d 568, 576 (5th Cir. 2004)). On both fronts, Anderson has failed to do so. According to his complaint,

4

the VA reassigned Anderson's government vehicle and reassigned his work duties to a different VA rehabilitation program. Aside from these general statements, Anderson's complaint lacks any factual allegations that could establish those employment actions were adverse. In his complaint, Anderson only lists a timeline of work-related events over the last eight years. In doing so, he does not contend that the recent reassignments involved changes in position, compensation, work responsibilities, or any other undesirable modification in duties or privileges. *See Hamilton v. Dallas County*, No. 21-10133, 2023 WL 5316716, at *8 (5th Cir. Aug. 18, 2023). Compounding issues, Anderson does not reference his protected characteristics or explain how they are related to his employer's actions. His unlawful discrimination claims based on his race and religion thus fail.

For similar reasons, Anderson has failed to state a hostile work environment claim. The hostile work environment inquiry asks whether "an employer has created 'a working environment heavily charged with . . . discrimination.'" *Raj*, 714 F.3d at 330–31. (quoting *Rogers v. EEOC,* 454 F.2d 234, 238 (5th Cir. 1971)). To survive a motion to dismiss, a plaintiff must plead facts that link alleged harassment with his or her protected characteristic. *See id.* Here, Anderson does not reference the working conditions at the VA; he cites no behavior from supervisors or subordinates that could plausibly be linked to discrimination of any variety. Because he has failed to do so, his hostile work environment claim cannot survive dismissal.

In the same way, Anderson's complaint cannot support his retaliation theory under Title VII. Anderson claims he was retaliated against after he filed a complaint with the EEOC. A successful retaliation claim requires a plaintiff to prove the following: (1)

5

participation in an activity protected by Title VII, (2) an adverse employment action, and (3) a causal connection between the protected activity and the adverse action. *McCoy*, 492 F.3d at 556. Though filing a complaint with the EEOC is a protected activity, Anderson has not pled any facts that support retaliation. As discussed above, he has failed to allege why the reassignments were adverse employment actions.

### B. Age Discrimination

As a sixty-six-year-old employee, Anderson also claims he was discriminated against based on his age. Unlike his Title VII claims, Anderson's age discrimination claim is governed by the Age Discrimination in Employment Act of 1967 ("ADEA"). Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). But like the race discrimination standard, a claim of age discrimination uses the same *McDonnell Douglas* framework when a plaintiff's claim is not based on direct evidence of discrimination. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377–78 (5th Cir. 2010).

As noted above, Anderson's complaint only says that the VA reassigned his government vehicle and moved him to another rehabilitation program at the VA. He does not explain how these reassignments were adverse employment actions or whether he was treated less favorably than other employees outside his protected group. It is not enough for Anderson to state that he was over sixty and ask the Court to infer that he must have been subjected to age discrimination. Taking all of Anderson's allegations as true, he has failed to plead facts that show he is entitled to relief under the ADEA.

## CONCLUSION

At bottom, Anderson's complaint offers seven lines of facts, not one supporting a plausible discrimination claim under any legal theory. Consequently,

**IT IS ORDERED** that McDonough's motion to dismiss [Record Document 28] is **GRANTED**. All claims against Defendant are **dismissed with prejudice**. A separate judgment will be issued alongside this ruling.

**THUS DONE AND SIGNED** on this 11th day of September, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE